IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETRA FUND REIT CORP,<br>    a Maryland Corp.<br><br>    Plaintiff,<br><br>v.<br><br>DAVID E. WISH AND<br>LANCE W. KUPISCH,<br>    Defendants. | Case No. 08-CV-2921<br>Judge Gottschall<br><br>Magistrate Judge Schenkler |

## ANSWER AND AFFIRMATIVE DEFENSE
## TO COMPLAINT OF DAVID E. WISH AND LANCE E. KUPISCH

Now comes Lance E. Kupisch and David E. Wish, (hereinafter collectively referred to as "Defendants"), by their attorneys Richard L. Hirsh and Steven B. Bashaw and make the following Answer to the Complaint as follows:

### Parties

1. Plaintiff, Petra Fund REIT Corp. ("PETRA"), is a Maryland corporation with its principal place of business in New York.

   Answer: Defendants admit the allegations in this paragraph upon information and belief.

2. Defendant, David E. Wish ("Wish"), is an individual and a resident and citizen of Illinois.

   Answer: Defendants admit the allegations of this paragraph.

3. Defendant, Lance W. Kupisch ("Kupisch"), is an individual and a resident and citizen of Illinois.

   Answer: Defendants admit the allegations of this paragraph.

### Jurisdiction and Venue

4. This Court has subject mater jurisdiction based on complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

   Answer: Defendants lacking sufficient information to form a belief as to the truth of the allegations in this paragraph relating the Plaintiff's "citizenship" deny the allegations. Defendants admit the allegations regarding the jurisdictional amount.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Cook County is where one of the defendant resides.

   Answer: Defendants admit the allegations of this paragraph.

## Common Allegations

6. Petra Mortgage Capital Corp, LLC made a loan (the "Loan") to J. Jireh's Corporation ("Borrower"), an Illinois corporation, pursuant to that certain Loan and Security Agreement dated April 30, 2007 (the "Loan Agreement") and other documents related thereto. A true and correct copy of the Loan Agreement is attached hereto as Exhibit A and made a part hereof.

   Answer: Defendants admit the allegations of this paragraph.

7. The Loan is evidenced in part by the Promissory Note dated April 30, 2007 ("Note") in the original principal amount of $33,645,000 (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit B and made a part hereof.

   Answer: Defendants admit the allegations of this paragraph.

8. In order to induce Petra Mortgage Capital Corp, LLC to make the Loan to Borrower, Wish and Kupisch executed and delivered to Petra Mortgage Capital Corp., LLC that certain Guaranty dated April 30, 2007 ("Guaranty"). A true and correct copy of the Guaranty is attached hereto as Exhibit C and made a part hereof.

   Answer: Defendants admit the allegations of this paragraph.

9. On or about May 17, 2007, Petra Mortgage Capital Corp, LLC assigned to Petra all of its right, title and interest in the Loan, Loan Agreement, Note, Guaranty, and other documents related thereto (collectively referred to hereinafter as "Loan Documents"), pursuant to, among other things, that certain Allonge and the Omnibus Assignment, true and correct copies of which are attached hereto as Exhibits D and E, respectively, and made a part hereof.

   Answer: Defendants, lacking sufficient information to form a belief as to the truth of the allegations in this paragraph, deny the same.

10. Petra is the current holder of the Note and the other Loan Documents.

    Answer: Defendants, lacking sufficient information to form a belief as to the truth of the

allegations in this paragraph relating the allegations, deny the same.

11. The Note matured on May 9, 2008. The Loan and all indebtedness due from the Borrower under the Loan Documents therefore became due and payable in full to Petra on May 9, 2008.

    Answer: Defendants admit the maturity of the Note as alleged, and deny each and every other allegation in this paragraph.

12. Demand was made upon the Borrower for payment of the entire unpaid principal balance of the Loan, plus accrued interest and other charges due under the Loan Documents (collectively referred to as the "Indebtedness"). A true and correct copy of that demand is attached hereto as Exhibit F and made a part hereof.

    Answer: Defendants admit that Exhibit F was received by J. Jireh's Corporation and deny each and every one of the remaining allegations.

13. Borrower failed to pay the Indebtedness, and such failure constituted a material default under the Loan Documents.

    Answer: Defendants admit the failure to pay the Indebtedness as alleged and deny each and every one of the remaining allegations.

14. The Loan Documents provide that upon default, including the failure to pay the Loan at maturity, interest on the outstanding Indebtedness shall be assessed and due and owing at the interest rate set forth in the Note plus five percent (5%) per annum.

    Answer: Defendants admit the allegations of this paragraph.

15. The unpaid principal amount due and owing by the Borrower to Petra is $33,645,000, together with interest accrued thereon and hereafter. In addition, there is default interest due and owing by Borrower.

    Answer: Defendants, lacking sufficient information relating to the calculation of the principal balance, deny the allegation

16. Pursuant to the Loan Agreement and the Note, Borrower agreed to pay all costs, fees and expenses, including, without limitation, reasonable attorneys' fees, costs and expenses, incurred by Petra in collecting the Indebtedness or in enforcing Petra's rights and remedies under the Loan Documents and applicable law.

    Answer: Defendants admit the allegations of this paragraph, except Defendants deny that they agreed to pay Petra all costs, fees and expenses pursuant to the provisions of the Loan Agreement and Note.

17. Pursuant to the Loan Documents, Borrower is obligated to pay to Petra the Indebtedness together with all other costs, fees, and expenses, including attorneys' fees, costs and expenses, incurred by Petra in collecting the Indebtedness and enforcing Petra's rights and remedies.

    Answer: Defendants admit the allegations of this paragraph, except that Defendants deny that they agreed to pay Petra all costs, fees and expenses pursuant to the provisions of the Loan Documents.

## COUNT I

Defendant Wish makes the follwoing answer to Count I (Kupisch makes no answer as it seeks no relief against him):

18. For this paragraph 18 of Count I of its Complaint, Petra realleges and incorporates by reference herein the allegations of paragraphs 1-17 of this Complaint as if fully set forth herein.

    Answer: Defendant Wish realleges and incorporates by reference the responses to paragraphs 1-17 as if fully set forth herein.

19. Defendant Wish guaranteed the full and prompt payment to Petra of the Indebtedness owing by Borrower under the Loan Documents pursuant to the terms of the Guaranty.

    Answer: Defendant Wish denies the allegation of this paragraph, but admits execution of Exhibit "C" attached to the Complaint.

20. Petra made demand upon Wish for payment of the Indebtedness in accordance with the terms of his Guaranty. A true and correct copy of that demand is attached hereto as Exhibit G and made a part hereof.

    Answer: Defendant Wish admits that Exhibit G was received by him, and denies each and every one of the remaining allegations.

21. Wish has failed to pay the Indebtedness, or any part thereof, and such failure constituted a material default under the Guaranty.

    Answer: Defendant Wish admits he failed to pay the indebtedness, and denies each and every one of the remaining allegations.

22. Pursuant to the Guaranty, Wish agreed to pay to Petra all expenses, including, without limitation, legal fees and court costs, paid or incurred by Petra in enforcing the Guaranty.

    Answer: Defendant Wish admits the allegations of this paragraph, except that Defendant Wish denies that he agreed to pay Petra or that Petra is entitled to collect all costs, fees and expenses pursuant to the provisions of the Loan Documents.

WHEREFORE, David E. Wish prays for judgment in his favor and for an award of costs herein.

### COUNT II

Lance W. Kupisch makes the following answer to Count II (Wish does not answer as it seeks no relief against him):

23. For this paragraph 23 of Count II of its Complaint, Petra realleges and incorporates by reference herein the allegations of paragraphs 1-17 of this Complaint as if fully set forth herein.

    Answer Defendant Kupisch realleges and incorporates by reference the responses to paragraphs 1-17 as if fully set forth herein.

24. Defendant Kupisch guaranteed the full and prompt payment to Petra of the Indebtedness owing by Borrower under the Loan Documents pursuant to the terms of the Guaranty.

    Answer: Defendant Kupisch denies the allegation of this paragraph, but admits execution of Exhibit "C" attached to the Complaint.

25. Petra made demand upon Kupisch for payment of the Indebtedness in accordance with the terms of his Guaranty. A true and correct copy of that demand is attached hereto as Exhibit G and made a part hereof.

    Answer: Defendant Kupisch admits that Exhibit G was received by him, and denies each and every one of the remaining allegations.

26. Kupisch has failed to pay the Indebtedness, or any part thereof, and such failure constituted a material default under the Guaranty.

    Answer: Defendant Kupisch admits he failed to pay the indebtedness, and denies each and every one of the remaining allegations.

27. Pursuant to the Guaranty, Kupisch agreed to pay to Petra all expenses, including, without limitation, legal fees and court costs, paid or incurred by Petra in enforcing the Guaranty.

    Answer: Defendant Kupisch admits the allegations of this paragraph, except that Defendant Kupisch denies that he agreed to pay Petra or that Petra is entitled to collect all costs, fees and expenses pursuant to the provisions of the Loan Documents.

WHEREFORE, Lance E. Kupisch prays for judgment in his favor and for an award of costs herein.

AFFIRMATIVE DEFENSE

As and for their affirmative defense, Defendants Wish and Kupisch state as follows:

1. As alleged in the complaint, the defendants herein executed the subject guaranty relative to the note and other obligations of the principal Borrower J. Jireh's Corporation (hereinafter referred to as Jireh).

2. Defendants are the 100% shareholders of Jireh. Defendant Wish is the president of Jireh and Kupisch is the secretary of Jireh. Defendants assert this defense with the full knowledge and consent of Jireh.

3. The funds borrowed by Jireh were for the purpose of refinancing an existing mortgage loan on the property owned by Jireh and to enable Jireh to have sufficient funds for construction, zoning and PUD efforts, engineering, architectural and salaries related to those efforts.

4. As part of the financing agreement approximately $1,000,000 was set aside in a construction disbursement account with the understanding that such funds would be drawn down to pay for the aforesaid costs and expenses.

5. A second fund created from the loan proceeds was set aside as an interest reserve to make loan payments.

6. A third fund of $500,000.00 was created from the loan proceeds and was designated as a sum that would be available to Jireh for the purpose of acquiring another parcel of land.

7. The financing in question was at all times intended to be interim financing so as to enable Jireh to obtain a construction loan once the zoning necessary to proceed with the project (a retail mall) was completed.

8. In order to complete the zoning, Jireh needed the ability to pay its architects, engineers, etc., on a timely basis.

9.      At the direction of the Plaintiff or its assignor, an entity known as Situs Companies was appointed as the loan servicer of the mortgage and Situs also held the funds described above.

10.     Plaintiff and/or its assignor maintained control of the funds through its agent Situs and directed Situs relating to the disbursement of the aforesaid funds.

11.     During the time that Situs held these funds interest accrued. Defendants are aware that about $82,000 in interest was earned on the interest reserve fund described in paragraph 5 above.

12.     All of the funds held in the various accounts aforesaid were proceeds of the loan borrowed by Jireh, which it is obligated to repay, and interest was being accrued and/or paid on those funds.

13.     Jireh and defendants sought to have the interest being earned on the reserve funds credited to them.

14.     Upon information and belief, interest that was being earned on the funds held by Situs was turned over or credited to plaintiff, hence plaintiff was earning double interest on those funds.

15.     During the term of the loan, Jireh made regular requests to Situs to make timely payments to its subcontractors who were working on architecture, engineering and zoning in order to complete the first phase of the project and get construction financing as intended by the parties.

16.     Situs was routinely dilatory in its responsibilities of releasing funds for payment to Jireh's subcontractors. As a result, those parties stopped work or slowed work when they were not paid on a timely basis.

17.     Situs had an incentive to delay the payments as it and/or plaintiff earned more interest on the funds being held and not disbursed.

18.     That the work stoppage and slow down resulting from Situs' and plaintiff's delay in payment was that Jireh has not yet been able to complete this phase of the project and cannot get its

construction loan until it is completed. As such, Jireh was unable to pay the plaintiff's loan at or before the maturity date. As a further result, plaintiff now seeks to recover on the guaranty.

19. Situs was chosen as loan servicer at the direction of plaintiff, and controlled throughout by plaintiff.

20. Upon information and belief, Situs's delays have resulted in substantial extra monies earned by plaintiff from interest held in the escrow for an unreasonable amount of time.

21. The delays caused by Situs, at the alleged behest of plaintiff, prevented Jireh from completing its zoning phase on time.

22. The delay caused by the collective conduct of plaintiff and Situs has caused the inability of Jireh to obtain timely substitute financing as was contemplated by the parties.

23. Jireh and defendants have demanded that the various funds on hand, approximately $750,000, be utilized to either reduce the principal balance, pay accruing interest or pay real estate taxes on the property. Plaintiff has declined to do so without first requiring the execution of an estoppel in a form which would require defendants and/or Jireh to stipulate, among other things, that they had no claims based on the loan agreements or for breach of the loan agreements.

24. Plaintiff had discretion to manage and govern the use of the various funds held by Situs and direct Situs in disbursing the funds.

25. By acting in the manner in which it did, plaintiff's conduct was an abuse of its discretion in acting under the loan agreement with Jireh and/or defendants.

26. The conduct of plaintiff as described herein amounts to a breach of its implied duty of good faith and fair dealing that is owed to defendants and Jireh in that it acted in a manner so as to prevent Jireh from performing and obtaining a construction loan and thereby triggered the guaranty claim against the defendants.

27.	The plaintiff has acted capriciously and in a manner that is inconsistent with the reasonable expectation of the parties, to wit: the conduct of plaintiff inhibited the defendants and Jireh from completing the initial phase of development in a timely manner so as to move to the next phase of construction financing, which would satisfy the plaintiff's loan.

Wherefore David E. Wish and Lance W. Kupisch pray for judgment in their favor and for an award of their costs herein.

						DAVID E. WISH
						LANCE E.  KUPISCH


						BY: /s/ Richard L. Hirsh


Richard L. Hirsh
Richard L. Hirsh & Associates, P.C.
1500 Eisenhower Lane, #800
Lisle, IL 60532
630 434-2600
Atty. #1225936

Steven B. Bashaw
Steven B. Bashaw, P.C.
1500 Eisenhower Lane, #800
Lisle, IL 60532
630 332-9990
Atty. #0129313