IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETRA FUND REIT CORP, | ) | |
|    a Maryland Corp. | ) | |
|       Plaintiff, | ) | Case No. 08-CV-2921 |
| v. | ) | |
| | ) | Judge Gottschall |
| DAVID E. WISH AND | ) | |
| LANCE W. KUPISCH, | ) | Magistrate Judge Schenkler |
|       Defendants. | ) | |

## MOTION TO HOLD CASE IN ABEYANCE

NOW COME, Defendants David Wish and Lance Kupisch by their attorney Richard L. Hirsh, and move the Court as follows:

1. This case was commenced on May 20, 2008.

2. This case concerns the collection by the Plaintiff against the Defendants based upon a personal guarantee of a corporate note. The name of the corporation is J. Jireh's Corporation and the two Defendants in this case are the principal shareholders of J. Jireh's Corporation.

3. The note is for the sum of approximately Thirty Three Million Dollars ($33,000,000.00).

4. The note is secured by a mortgage on property in McHenry County, which is owned by J. Jireh's Corporation.

5. The subject property consists of a large parcel of land being developed as a Retail Shopping Mall.

6. Within weeks after initiating this case, the Plaintiff filed a mortgage foreclosure case in McHenry County, Illinois.

7. The Defendants in this case have asserted an affirmative defense which arises out of the alleged misconduct or breach of duty of good faith and fair dealing in connection with the mortgage loan and disbursements allowed from the loan proceeds. Because the mortgage

foreclosure was filed a few weeks after this case, the due date for responsive pleading/answer has not yet come. As the Court and Plaintiff both would anticipate, the pleadings in the other case will include the same affirmative defense and possibly a related counterclaim.

8. The indebtedness sought to be recovered against the Defendants in this case is the balance on the mortgage note as reduced by any limitations of liability contained in the guaranty. Nonetheless, all the damages which must be proved up in this case will arise from the mortgage note itself. Likewise, in the foreclosure case the amount of the damages to be liquidated by the foreclosure will be the amounts due and owing under the note. The proof of damages in both cases is largely identical.

9. As a matter of law, when the foreclosure sale is held the amount bid at sale will offset or reduce the total indebtedness on the note and in the event that the amount bid at sale is less than the entire indebtedness that sum will be the remainder which will be due and owing by the Defendants in this case. Conversely, if the amount bid at sale exceeds the balance of the note, the Plaintiff will have no deficiency to recover against the Defendants in this case and any indebtedness would be satisfied as a matter of law by the amount bid at sale.

10. At the time of this making of the loan, the collateral was appraised in an amount in excess of $40,000,000.00.

11. The Plaintiff has elected to proceed in two separate forums. As stated by Mr. Benjamin in open Court, Plaintiff seeks to recover on the guaranty in this Court with the perspective that the proceedings in the Federal District Court will move more quickly than the proceedings in State Court.

12. While the proceedings in this Court may move more quickly, and indeed there are more procedural steps to be followed in a mortgage foreclosure than in a recovery on a "relatively

2

simple" enforcement of a guaranty, the proofs in both cases ultimately will be, if not identical, substantially similar. In other words, the major issues in contention will be the amounts owed. Depending on how the two cases proceed similar issues will certainly be adjudicated and litigated in both Courts.

13. If the Defendants in this case are unable to sustain their affirmative defense it is likely they will be found liable under the guarantee. Similarly, if J. Jireh's Corporation cannot sustain its affirmative defense and counterclaim in the foreclosure action the matter will proceed to foreclosure quickly and within the statutory periods depending on redemption, waiver of redemption in the mortgage, etc.

14. By any measure however, the litigation in one case will be duplicative of litigation, proofs and evidence in the other case.

15. In view of the fact that the Plaintiff is pursuing recovery against the collateral, the damages that they might recover in this case under the guarantees will be reduced by the amount bid at sale.

16. Moreover, there is little likelihood that the Plaintiff could recover a meaningful amount of money against the Defendants in this case if they get a judgment because the indebtedness is so astronomical relative to the Defendants' assets available for recovery.

17. In a manner of speaking the Plaintiff has engaged in a form of forum shopping notwithstanding the fact that Plaintiff may have a legal right to proceed on the mortgage and guaranty separately, they are still creating duplicative litigation.

18. It would appear that the mortgage foreclosure, cannot be removed or consolidated in this court for the simple reason that by naming unknown owners and nonrecord claimants in the state proceeding, there would be no diversity jurisdiction. Plaintiff could have brought the

guaranty action in the same case in the state court, but chose not to.

19. Under the circumstances it would be a great judicial economy for these cases to proceed in the same forum. But, since that is not the case, it is clear that holding the guaranty action in abeyance until the collateral is liquidated would conserve resources, fees and costs. No matter when the collateral is liquidated it will be a credit against the total liability and could even possibly satisfy the entire liability thereby making this case unnecessary.

20. Under the circumstances the Defendants submit that this matter should be held in abeyance to allow the amount of damages to be fully liquidated including application of the proceeds of sale of the collateral.

21. By marshaling the assets in this manner there will be the ability to avoid duplicate litigation in two different courts and of course eliminate duplicate attorney fees, duplicate costs related to discovery and production of documents etc.

WHEREFORE, Defendants David Wish and Lance Kupisch move this Court to enter an Order and hold this case in abeyance until the collateral is liquidated and the damages are likewise liquidated.

                                                Respectfully submitted,
                                                David Wish
                                                Lance Kupisch

                                                BY: / s/__Richard L. Hirsh_____

Richard L. Hirsh
Richard L. Hirsh & Associates, P.C.
1500 Eisenhower Lane, Suite 800
Lisle, IL 60532
630/434-2600
Attorney No.1225936