IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETRA FUND REIT CORP, a Maryland Corp.<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID E. WISH AND LANCE W. KUPISCH,<br><br>    Defendants. | Case No. 08 CV 2921<br><br>Judge Gottschall<br>Mag. Judge Schenkier |

### PETRA'S RESPONSE TO DEFENDANTS' MOTION TO HOLD CASE IN ABEYANCE

Plaintiff, Petra Fund REIT Corp., by its attorneys, hereby submits this response to Defendants' Motion to Hold Case in Abeyance.

### Applicable Legal Standard

Defendant's request for abeyance is governed by the *Colorado River* abstention doctrine, although Defendants' motion does not mention the applicable standard or cite any authorities. Under that doctrine, it is not enough to allege, as Defendants do here, that a stay would "conserve resources, fees and costs," and would result in "great judicial economy." Rather, in order to justify abstention, there must be "exceptional circumstances." *See, e.g., Harris Trust and Savings Bank v. Olsen*, 745 F.Supp. 503, 505 (N.D.Ill. 1990)("mere duplicative litigation pending in state court does not provide a sufficient reason for a federal court to abstain"). Defendants' motion conspicuously omits any authority in support of the requested relief because there is none.

The Supreme Court "has cautioned that abstention is appropriate only in 'exceptional circumstances,' and has also emphasized that federal courts have a

NGEDOCS: 1562303.1

'virtually unflagging obligation ... to exercise the jurisdiction given them.' " *AXA Corporate Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 278 (7th Cir.2003) (internal citations omitted). "So, in determining whether abstention is appropriate, our task is 'not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction.'" *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005)(emphasis in original), *citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (emphasis in original).

"In order to decide whether the *Colorado River* doctrine applies to a particular case, we must first determine whether the concurrent state and federal lawsuits are parallel." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005). "If the cases are found to be parallel, the next task is 'to balance the considerations that weigh in favor of, and against, abstention, bearing in mind the exceptional nature of the measure.'" *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 -592 (7th Cir. 2005).

The following ten factors may be considered in deciding whether the circumstances are exceptional enough to support a stay:

> 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or

absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexations or contrived nature of the federal claim.

*TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 -592, n. 2 (7th Cir. 2005).

Defendants are unable to justify abstention under the high standard of *Colorado River*. Apparently recognizing the futility of the attempt, Defendants did not even try to apply the two-part analysis required by the Seventh Circuit. The Federal action and the State action are not parallel and the balance of factors does not weigh in favor of finding exceptional circumstances.

### 1. **The Actions are not parallel.**

Plaintiff's Federal and State actions are not parallel. The State action is a foreclosure proceeding and the Federal action is a contract action on a guaranty. As the Illinois Appellate Court noted in *LP XXVI, LLC v. Goldstein*, 349 Ill.App.3d 237, 811 N.E.2d 286 (2nd Dist. 2004), an action on a guaranty seeks a "legally distinct" remedy from a foreclosure proceeding. 349 Ill.App.3d at 241. A foreclosure action is an *in rem* proceeding, and a suit on a guaranty is *in personam* action. As such, an action on the guaranty is a "separate and distinct" remedy. *Id.*

In a case directly on point, in *Mitsui Taiyo Kobe Bank v. First National Realty and Development Co.,* 788 F.Supp 1007 (N.D. Ill. 1992), the Court refused to stay a federal action against the guarantors in favor of a state court foreclosure proceeding. There the Court found that the actions were not parallel because a "foreclosure proceeding is a creature of property law, whereas a guaranty agreement is contractual in nature," and the "rights and liabilities of the parties vary significantly between these two actions." 788 F.Supp. at 1009. In addition, the Court noted that the value of a guaranty "would be greatly diminished if we deemed the two actions parallel and forestalled the

present case." *Id.* "Had defendant wished to assure a stay or dismissal it could have written the terms of the guaranty so that that suit thereon would be conditioned upon exhaustion of the bank's remedies against the borrower. A stay of proceedings would effectively change the terms of the bargain by precluding the bank from proceeding on the guaranty independent of its action on the underlying loan." *Id.* (Internal citations omitted.)

Moreover, in the instant case, the Federal action and the State action are not parallel because they do not share any common defendants. The only defendant identified in the State action is J. Jireh's Corporation, an Illinois corporation. Neither Wish nor Kupisch are named in the State action. Conversely, the only defendants named in the Federal action are Wish and Kupisch; J. Jireh's is not named as a defendant in the Federal action. *See, e.g., Harris Trust and Savings Bank v. Olsen,* 745 F.Supp. 503, 505 (N.D.Ill. 1990)(the Court denied the request for a stay because the defendant in the Federal action was not a party to the state court action).

Perhaps most significantly, even if the borrower, J. Jireh's Corporation, prevails in the State action, that will not dispose of the issues in the Federal action and Defendants will still be obligated to pay on their Guaranty. Pursuant to the terms of the Guaranty, Defendants have waived any and all defenses, including defenses of the borrower to the repayment of the loan. Section 1.4 of the Guaranty provides that "[t]he Guaranteed Obligations and the liabilities and the obligations of Guarantor to Lender hereunder shall not be reduced, discharged or released because or by reason of any existing or future offset, claim or defense of Borrower, or any other Person, against Lender or against payment of the Guaranteed Obligations ... (Ex. C to Plaintiff's Complaint.) Furthermore, Article II of the Guaranty provides that the "Guarantor

hereby consents and agrees to each of the following, and agrees that Gurantor's obligations under this Guaranty shall not be released, diminished, impaired, reduced or adversely affected by any of the following, and waives any common law, equitable, statutory or other rights .. which Guarantor might otherwise have as a result of or in connection with any of the following: ..."

> Section 2.5. The invalidity, illegality or unenforceability of all or any part of the Guaranteed Obligations, or any document or agreement executed in connection with the Guaranteed Obligations, for any reason whatsoever, including without limitation the fact that ... Borrower has valid defenses, claims or offsets (whether at law, in equity or by agreement) which render the Guaranteed Obligations wholly or partially uncollectible from Borrower, ... it being agreed that Guarantor shall remain liable hereon regardless of whether Borrower or any other Person be found not liable on the Guaranteed Obligations or any part thereof for any reason. ...
>
> Section 2.12. Any other action taken or omitted to be taken with respect to the Loan Documents, the Guaranteed Obligations, or the security and collateral therefor, whether or not such action or omission prejudices Guarantor or increases the likelihood that Guarantor will be required to pay the Guaranteed Obligations pursuant to the terms hereof, it is the unambiguous and unequivocal intention of Guarantor that Guarantor shall be obligated to pay the Guaranteed Obligations when due, notwithstanding any occurrence, circumstance, event, action, or omission whatsoever, whether or not contemplated, and whether or not otherwise or particularly described herein, which obligation shall be deemed satisfied only upon the full and final payment and satisfaction of the Guaranteed Obligations.

The obligation of the Defendants under the waiver of defense clauses is simply not an issue in the State action.

### 2.     **The balance of factors do not weigh in favor of absention.**

The state court has not assumed jurisdiction over the property. In fact, the Federal action does not even involve the property which is the subject of the underlying loan.

The federal forum is not inconvenient. In fact, one of the Defendants resides in the City of Chicago.

Proceeding in Federal court will not result in piecemeal litigation since the issues are different. Moreover, a judgment against the Defendants in the Federal action may result in a termination of the State action, especially if the Plaintiff enforces its judgment by executing on the Defendants' interests in the borrower.

The Federal action was filed first.

Although the governing law is state law, the issues are not novel or complicated. In fact, most of the Illinois cases discussing a guarantor's waiver of defenses are Federal decisions. Moreover, under Illinois law Plaintiff is entitled to pursue its guaranty claim independent of the foreclosure, especially where, as here, the guarantee is "absolute" and "unconditional." *See, e.g., Northern Trust Co. v. VII South Michigan Associates*, 657 N.E.2d 1095 (Ill.App. 1995). Section 1.1 of the Guaranty provides that the "Guarantor hereby absolutely, irrevocably and unconditionally guarantees to Lender (and its successors and assigns), jointly and severally, the payment and performance of the Guaranteed Obligations ..." Similarly, Section 1.3 of the Guaranty provides that "[t]his Guaranty is an irrevocable, absolute, continuing guaranty of payment and performance, is joint and several and is not a guaranty of collection. .... This Guaranty may be enforced by Lender and any subsequent holder of the Note and shall not be discharged by the assignment or negotiation of all or part of the Note." (Ex. C to Plaintiff's Complaint.)

The State court action is not adequate to protect Plaintiff's rights because the Defendants are not named in that action.

The Federal action is more advanced than the State action. The Federal action has a schedule set, including a discovery cut-off date of October 1, 2008. Plaintiff has served discovery in the Federal action and a motion to compel is pending. In the State action, the defendant did not file its answer until September 8, 2008, no discovery has been served, and no schedule has been set.

The Federal action is neither vexatious nor contrived.

* * *

"In the end, this case turns on how seriously we take the admonition from the Supreme Court not to stay or dismiss actions without strong justification to do so." *AXA, supra*, 347 F.3d at 279. "We again emphasize the remarkably difficult standard that must be met before we can refuse our 'virtually unflagging obligation' to exercise jurisdiction." *TruServ Corp., supra,* 419 F.3d at 593, *citing Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236; *AAR*, 250 F.3d at 520 (noting that "any doubt regarding the parallel nature of the [state court] suit should be resolved in favor of exercising jurisdiction").

Defendants have not met that difficult standard. Their motion to hold this case in abeyance should be denied.

- 8 -

                Respectfully submitted,

                PETRA FUND REIT CORP.

                By:   /s/ Lawrence M. Benjamin
                            One of Its Attorneys

Lawrence M. Benjamin, Esq.
Tonya Newman, Esq.
NEAL, GERBER & EISENBERG, LLP
Two North LaSalle Street
Chicago, IL  60602-3801
(312) 269-8000